CHICAGO FUSE WIRE & MFG. CO. v. HARVARD ELECTRIC CO.

(Circuit Court, N. D. Illinois, E. D. October 20, 1911.)

No. 29,598.

PATENTS (§ 328*)—INVENTION—ELECTRIC OUTLET BOXES.

The Hoffman and Appleton patent, No. 848,994, for an extensible electrical outlet-box, *held* void for lack of novelty and invention in view of the prior art.

In Equity. Suit by the Chicago Fuse Wire & Manufacturing Company against the Harvard Electric Company. Decree for defendant.

Luther L. Miller (Lincoln B. Smith and George L. Chindahl, of counsel), for complainant.

Cheever & Cox, for defendant.

KOHLSAAT, Circuit Judge. Complainant brings suit for infringement of claims 1, 2, 3, and 4 of patent No. 848,994, granted to Hoffmann and Appleton, April 2, 1907, for means for rendering electric junction and outlet-boxes extensible or adjustable as to length, for supporting same, etc., for house wiring and the like. The claims in suit read as follows, viz.:

"1. In an outlet-box, a perforated casing, supporting-ears for such casing, the casing consisting of a 'unit' comprising a variable number of 'spacers,' removably united, an end plate on the 'unit' and an end plate removably attached to the last 'spacer' constituting continuous inclosure.

"2. In an outlet-box, a perforated casing, supporting-ears for such casing, the casing consisting of a 'unit' comprising a variable number of duplicate 'spacers' removably united, an end plate on the 'unit' and an end plate removably attached to the last 'spacer' constituting continuous inclosure.

"3. In an outlet-box, a perforated casing, supporting-ears for such casing, the casing consisting of a 'unit' comprising a variable number of 'spacers'

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and separate end plates constituting a continuous inclosure, the 'unit' and each 'spacer' provided with projections for attaching the electrical appliances covering the box, said projections being equidistantly arranged along said length of the complete box.

"4. In an outlet-box, a perforated casing, supporting-ears for such casing, the casing consisting of a 'unit' comprising a variable number of U-shaped 'spacers' removably united, an end plate on the 'unit' and an end plate attached to the last 'spacer,' constituting continuous inclosure, the means of uniting the 'spacers' consisting of a device permanently secured to one edge of each of the arms of the U."

The gist of the invention claimed consists in a U-shaped body having a plate or wall closing same at one end and a removable plate at the other end, together with U-shaped spacers, having no end plates and adapted to be inserted between the U-shaped body or unit with one closed end and the removable end wall. Manifestly both ends of the unit may be made removable were that desirable.

The defendant rests entirely upon the lack of validity of the patent in suit. The differences between the claims are of minor importance. The only variation of claim 2 from claim 1 consists in the word "duplicate". as applied to spacers. Inasmuch as the claims are for a means for rendering these boxes extensible, the significance of this change is not appreciable. The differences between the remaining claims, respectively, and claims 1 and 2, relate entirely to nonessential details indefinitely stated, inasmuch as their construction is not set out. The inquiry may, therefore, properly be limited to the means for multiplying the units of the box.

The defendant sets up in its answer a number of patents in the prior art, of which several relate to connecting lugs and ears. These it is deemed unnecessary to dwell upon. Such devices are too common and obvious to be of any weight in determining invention.

The patent to Marshall, No. 801,536, granted October 10, 1905, for face plates for electric switches, shows a means for multiplying and interlocking several plate sections, which strangely suggests the means employed in the patent in suit. The main reliance of defendant, however, is patent No. 782,255, granted to Le Manquais February 14, 1905, for a cut-out or connection box for electrical wiring for buildings. This patent has for its unit two U-shaped sections or open at one end boxes, each having an outer end plate, removably locked to each other, whereby U-sections having no end plates may be inserted between the two first named sections ad libitum. Thus either end section is removable, instead of either end wall or plate. Due provision is made for locking the parts together. Substantially the only difference between the two devices consists in this; i. e., the removable end wall in the patent in suit and the removable end section in Le Manquais. The former employs a single box as a unit. The latter's unit is a two-box combination. This is immaterial since the end sought is a means for providing an extensible box, and not for providing one box. For complainant it is insisted that its means does away with the necessity of a multiplicity of parts, requiring only a U-shaped member and end member. Le Manquais also claims that his device requires that but two members be kept in stock; i. e., the

section forming a half of its unit and the intermediate so-called spacers. His patent also called for front plates or doors of varying sizes. These, however, need not be considered, since a front plate or door is an element in addition to those of the patent in suit, and serves no other purpose than to cover the extensible boxes.

The question narrows down to the proposition: Does the substitution of the removable end plate for Le Manquais end section involve invention? If the latter were cut down so as to have narrow back and side walls, it would so nearly approximate that of the claims in suit as to be practically an equivalent. Would it involve invention to cut it down? Is it not rather a matter of degree? Does not Le Manquais cover the only novelty there is, if any there be? It would seem that the uniting of duplicate sections to enlarge an inclosure, box, or otherwise is too obvious an expedient to permit of its appropriation by any one in a period as recent as the year 1905. Whether this be so or not, it seems clear that the difference between Le Manquais and the patent in suit is merely that of a mechanical adjustment and the claims are therefore held to be invalid.

The bill is dismissed for want of equity.